IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-351-BO-KS

| | |
|---|---|
| JACQUELINE FREEMAN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER and** |
| | ) **MEMORANDUM &** |
| | ) **RECOMMENDATION** |
| KIRK DOUGLAS FREEMAN, | ) |
| Defendant. | ) |

This pro se case is before the court on the application [DE ##2, 5] by Plaintiff, Jacqueline Freeman, to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Terrence W. Boyle, United States District Judge. Also before the court is Plaintiff's motion for appointment of a special master. For the reasons set forth below, Plaintiff's application to proceed in forma pauperis is allowed, Plaintiff's motion for appointment of a special master is denied, and it is recommended that Plaintiff"s complaint be dismissed in part as frivolous or for failure to state a claim upon which relief can be obtained.

## DISCUSSION

I.    IFP Motion

The standard for determining in forma pauperis status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de*

*Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed in forma pauperis is allowed.

## II. Frivolity Review

Notwithstanding the court's determination that Plaintiff is entitled to in forma pauperis status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. In making the "inherently elastic" frivolity determination, *Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004), the court may "apply common sense," *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of suit as frivolous where complaint "failed to contain any factual allegations tending to support [plaintiff's] bare assertion"). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013).

In conducting its review pursuant to 28 U.S.C. § 1915, a court should consider whether it has subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). "Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

III. Analysis

Construed liberally, Plaintiff seeks to enforce 2019 and 2020 child support orders entered in Guilford County, North Carolina, District Court. (Compl. [DE #1] at 2.) In addition, she seeks to recover money for health insurance premiums, college tuition, and monetary support extending past her and Defendant's children's eighteenth birthdays. (*Id.*) Plaintiff has styled this action as one for breach of contract and contempt of court. (Compl.; Suppl. Compl. [DE #1-1].) Plaintiff alleges that this court has subject-matter jurisdiction pursuant to 28 U.S.C § 1332 (diversity of citizenship) because she is a citizen and resident of Georgia and Defendant is a citizen and resident of North Carolina and the amount in controversy exceeds $75,000.[1] (Compl. at 2–3; Suppl. Compl. at 3–4.)

As Plaintiff was previously informed by the United States District Court for the Middle District of North Carolina, the federal criminal statute invoked by Plaintiff (Compl. at 2), 18 U.S.C. § 228, does not create a private right of action, *Freeman v. Freeman*, No. 1:17-CV-29, 2017 WL 2821726, at *2 (M.D.N.C. May 19, 2017), *M. & R. adopted by* 2017 WL 2821549 (M.D.N.C. June 29, 2017). Accordingly, any claim Plaintiff brings under 18 U.S.C. § 228 should be dismissed as frivolous or for failure to state a claim upon which relief may be granted.

---

[1] Plaintiff initiated a similar lawsuit in the United States District Court for the Southern District of Georgia, which was dismissed due to lack of personal jurisdiction over Defendant. Order, *Freeman v. Freeman*, No. 4:23-CV-193-CLR, ECF No. 28 (S.D. Ga. June 5, 2024). It does not appear that that court issued a ruling pursuant to 28 U.S.C. § 1915(e)(2)(B).

4

To the extent Plaintiff seeks to have this court amend, review, or alter any state-court orders, decrees, or judgments, this court lacks subject-matter jurisdiction to do so under the *Rooker-Feldman* doctrine[2] or pursuant to the domestic relations exception. *See Cloud v. Stevens*, No. 5:21-CV-142-D, 2023 WL 4924068, at *3–5 (E.D.N.C. Apr. 28, 2023), *M. & R. adopted by* 2023 WL 4918284 (E.D.N.C. Aug. 1, 2023); *McAllister v. North Carolina*, No. 5:10-CV-79-D, 2011 WL 883166, at *4 (E.D.N.C. Mar. 11, 2011) (cited by *Cloud*, 2023 WL 4924068, at *5); *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992) (reaffirming domestic relations exception to federal jurisdiction).

However, to the extent Plaintiff seeks only to *enforce* a state-court judgment, and to otherwise litigate breach of contract claims, the court finds that dismissal on

---

[2] The *Rooker-Feldman* doctrine precludes federal trial courts "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam); *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. *See* 28 U.S.C. § 1257(a). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting [federal] court review and rejection of those judgments." *Thana v. Bd. of License Comm'rs for Chariest Cnty., Md.*, 827 F.3d 314, 319 (4th Cir. 2016) (quotation marks omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine prevents federal courts from considering "issues actually presented to and decided by a state court, but also . . . constitutional claims that are inextricably intertwined with questions ruled upon by a state court, as when success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyer v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (quotation marks and citations omitted). "[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006).

frivolity grounds or for lack of subject-matter jurisdiction is not appropriate at this time. *See Continental Cas. Co. v. Argentine Republic*, 893 F. Supp. 2d 747, 753 & n.16 (E.D. Va. 2012); *Depuy v. Depuy*, 686 F. Supp. 568, 569 n.1 (E.D. Va. 1988).

IV. Request for Assignment of Master

Plaintiff also requests appointment of a master under Fed. R. Civ. P. 53 [DE #5]. Plaintiff does not specify the purpose for which she requests appointment of a master, nor does she demonstrate that such an appointment would be appropriate at this juncture of the litigation. Plaintiff's motion is therefore denied.

CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. Plaintiff's application to proceed in forma pauperis [DE #2] is ALLOWED; and

2. Plaintiff's motion for appointment of a master under Rule 53 [DE #5] is DENIED.

It is further RECOMMENDED that the court DISMISS, pursuant to 28 U.S.C. § 1915(e)(2)(B), any claim for relief under 18 U.S.C. § 228, as well as any claim seeking to amend, review, or alter any state-court orders, decrees, or judgments.

It is DIRECTED that a copy of this Memorandum & Recommendation be served on Plaintiff, who is hereby advised as follows:

You shall have until **November 21, 2024**, to file written objections to the Memorandum & Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the

Memorandum & Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum & Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

If you do not file written objections by the foregoing deadline, you will be giving up the right to review of the Memorandum & Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum & Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum & Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 6th day of November 2024.

_____
KIMBERLY A. SWANK
United States Magistrate Judge