IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00351-BO-KS

| | |
|---|---|
| JACQUELINE FREEMAN,<br>Plaintiff,<br><br>v.<br><br>KIRK DOUGLAS FREEMAN,<br>Defendant. | ORDER |

This cause comes before the Court on the memorandum and recommendation ("M&R") of Magistrate Judge Kimberly A. Swank [DE 6]. For the reasons below, the M&R is rejected, and the plaintiff's claim is dismissed.

A district court is required to review *de novo* those portions of a memorandum and recommendation ("M&R") to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

### I. Subject Matter Jurisdiction

A federal court may exercise authority only over matters over which it possesses subject matter jurisdiction. And, even in instances where the technical requirements of federal question or diversity jurisdiction are met, district courts cannot exercise jurisdiction over domestic matters "involving the granting of a divorce and a decree of alimony." *Ankenbrandt v. Richards*, 504 U.S. 689, 701 (1992); see *Barber v. Barber*, 62 U.S. 582, 584 (1858).

Here, the plaintiff seeks the enforcement of a child support order from the General District Court of Guilford County, North Carolina. Such family law matters are traditionally outside of the purview of the federal courts. However, "where the plaintiff has already obtained a state court judgment, so that the claim is for a liquidated amount, some federal courts have found and exercised jurisdiction." *Walker v. Walker*, 509 F. Supp. 853, 855 (E.D. Va. 1981) (citing *Richie v. Richie*, 186 F. Supp. 592 (E.D.N.Y. 1960)). Importantly though, "while federal jurisdiction may be exercised 'where necessary to the effectuation of prior state court judgments involving the same matters,' *Solomon v. Solomon*, 516 F.2d 1018, 1024 (3d Cir. 1975), jurisdiction should be declined 'where an adjudication would require the federal court to make its own determination as to the parties' past o[r] continuing obligations.'" *Walker*, 509 F. Supp. at 855.

To determine whether the federal court would have to "make its own determination as to the parties'… obligations," the court looks to whether there is any possibility that the amount of support due or payable could be modified by a state court, or is otherwise in flux. *See* 509 F. Supp. at 855 ("…plaintiff must give the state court an opportunity to make a determination as to the accrued as well as the future alimony.") In *Walker*, the federal court declined to exercise subject matter jurisdiction because, even though there was no "South Carolina statute… specifically authoriz[ing] the divorce court to retroactively modify past due amounts," there was no "clear[ ] prohibit[ion]" either. 509 F. Supp. at 855.

North Carolina law explicitly reserves the power of modification to the divorce court, specifically stating that "a child support obligation may be modified as otherwise provided by law, and a vested past due payment is to that extent subject to divestment…" N.C. Gen. Stat. § 50-13.10(a). The North Carolina Court of Appeals has recognized that the term 'provided by law' "includes our common law." *Berens v. Berens*, 876 S.E.2d 680, 684 (N.C. App. 2022). "Stated

2

another way, child support payments may not be reduced retroactively so as to grant relief from arrears, absent a compelling reason." *Orange Cnty. ex rel. Harris v. Keyes*, 581 S.E.2d 142, 143 (N.C. App. 2003). North Carolina law clearly provides for the modification of past due child support obligations in some circumstances—therefore, the amount of child support in this case is not for a 'liquidated amount' that a federal court may enter an order enforcing. While the total amount owed is in flux, it would be inappropriate for the federal court to enter an order effectuating the state court judgment.

The Court determines that the failure of the memorandum and recommendation to address subject-matter jurisdiction constitutes plain error, and the M&R must be rejected for this reason. The Court declines to exercise subject-matter jurisdiction over this case for "consistent and manifest" policy reasons, including "the strong state interest in issues of family rights and obligations, the much greater proficiency and experience of state courts in family matters, and the possibility of inconsistent state and federal decrees." *Walker*, 509 F. Supp. at 855. Accordingly, the complaint must be dismissed.

## II. Request for a Special Master

The plaintiff specifically objected to the Magistrate Judge's denial of plaintiff's request for the appointment of a special master. Because the Court has reviewed the M&R *de novo* and dismissed the complaint for lack of subject matter jurisdiction, the request for the appointment of a special master is moot.[1]

---

[1] Magistrate Judge Swank also concluded that the plaintiff's motion for a special matter should be denied, albeit for different reasons [DE 6 at 6].

3

Case 5:24-cv-00351-BO-KS  Document 8  Filed 12/17/24  Page 3 of 4

### III. Objection to Dismissal

Plaintiff states that she "is asking the Court to dismiss its recommendation to dismiss this case." She goes on further to state that "[t]he claim is valid, not frivolous[,] which the Plaintiff is entitled to enforce the Orders granted to her for contempt and breach of contract." [DE 7 at 4].

While the plaintiff's claims may well be valid, federal district court is not an appropriate avenue in which to enforce a state court child support judgment still subject to state court modification. The Court has faith that the state courts of North Carolina have "both the discretion and the expertise to enforce or modify the [child support] provisions as justice requires," and are well and fully able to enforce their own decrees for due and payable child support. 509 F. Supp. at 856.

### CONCLUSION

Because the failure to address subject matter jurisdiction constitutes plain error, the memorandum and recommendation of the magistrate judge is REJECTED. The Court has reviewed the case *de novo*, and concludes that good reason exists to abstain from exercising subject matter jurisdiction over this family law dispute. Accordingly, the case is DISMISSED in full.

SO ORDERED, this __13__ day of December 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE